IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ROCKWAY STUDEBAKER, et al.** | N.D. Ill. 08 cv 00743 |
| Plaintiffs | MDL No. 1715 |
| v. | CENTRALIZED BEFORE JUDGE MARVIN E. ASPEN |
| **ACC CAPITAL HOLDINGS CORP.,** et al. | JURY DEMAND |
| Defendants. | |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, *INSTANTER*

Plaintiffs respectfully move this Court, pursuant Fed. R. Civ. P. 15(a), for leave to file an Amended Complaint, instanter. A copy of Plaintiffs' proposed amended complaint is attached hereto as Appendix A. In support of their motion, Plaintiffs state as follows:

1. The Plaintiffs filed this action against Defendants on November 11, 2007, for violations of the Truth In Lending Act, 15 U.S.C. § 1601 ("TILA"), and implementing Federal Reserve Board Regulation Z, C.F.R. part 226.

2. Plaintiffs' proposed amended complaint seeks to add the full and correct legal names of the entities that hold ownership interests in Plaintiffs' Loan. This information was disclosed by Defendant Deutsche to Plaintiffs for the first time on or about April 10, 2008.

3. Deutsche Bank National Trust Company ("Deutsche") and any subsequent assignee of the Loan is liable for the actions of Ameriquest as to the stated TILA violations pursuant to 15 U.S.C. § 1641(a).

4. Deutsche is a creditor who regularly extends consumer credit payable by written agreement in more than four installments for which a finance charge is imposed and which agreements and credit are subject to the provisions of TILA.

5. Deutsche is a creditor and trustee who acquired Ameriquest and Ameriquest Group loan assets, including the Loan sometime in 2007.

6. Deutsche knew of allegations of predatory lending practices by Ameriquest for numerous loans made by Ameriquest at the time of its acquisition of loan assets of Ameriquest and Ameriquest Group and further knew of numerous lawsuits by borrowers against Ameriquest and Ameriquest Group based on claims similar to Plaintiffs set forth in this Complaint.

7. The minor, proposed changes would not cause any prejudice to any defendant. See *Johnson v. Oroweat Foods*, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); *Hely & Patterson Intern v. F.D. Rich Housing*, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

8. Fed. R. Civ. P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires." A district court should only deny a motion to amend a

2

complaint if there is a substantial reason to do so. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 748, 597 (5th Cir. 1981).

WHEREFORE, Plaintiffs respectfully request that this Court (A) enter an Order granting their leave to file the proposed Amended Complaint, a copy of which is attached as Appendix A, (B) to deem it filed instanter, (C) to grant any further or other relief that the Court deems just.

    Respectfully submitted,

    /s/Charles J. Roedersheimer
    Charles J. Roedersheimer
    Thompson & DeVeny, LPA
    1340 Woodman Drive
    Dayton, Oh 45432
    (937) 252-2030
    (937) 252-9425 (FAX)
    charles@thompsonanddeveny.com

## CERTIFICATION OF SERVICE

This is to certify that on this 22nd day of May 2008, a true and correct copy of the foregoing document was filed. Notice of this filing will be sent by e-mail to counsel of record by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Specifically, the below listed parties have been served electronically:

Jeffrey M. Hendricks Graydon, Head & Ritchey, 511 Walnut Street, 1900 Fifth Third Center Cincinnati, OH 45201 Attorney for Defendant Ameriquest Mortgage

Robert A. Bartosh, Hathaway Perrett Webster Powers & Chrisman, 5450 Telegraph Road, Suite 200, P. O. Box 3577, Ventura, California 93006-3577, Attorney for Defendant Ameriquest Mortgage/AMC

Bernard E. LeSage, Buchalter, Nemer, Fields & Younger, 1000 Wilshire Boulevard, 15th Floor, Los Angeles, California 90017, Attorney for Defendant Ameriquest Mortgage/AMC.

Tom Maznek, Maznek Raskin Ryder & Keller Co., LPA**,** 250 Civic Center Drive, Suite 400 Columbus, Ohio 43215, Attorney for Defendant Deutsche Bank National Trust Company

By U.S. Mail, Postage Prepaid:

Rockway & Jalia Studebaker , 244 Lewisburg-Western Road, Lewisburg, Ohio 45338

Christopher and Lisa Mullins, 6828 Torrington Drive, Franklin, Ohio 45005

             /s/Charles J. Roedersheimer
             Charles J. Roedersheimer #0020273

        ###



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROCKWAY STUDEBAKER<br>JALIA STUDEBAKER<br>244 Lewisburg-Western Road<br>Lewisburg, OH 45338<br><br>    Plaintiffs<br><br>v.<br><br>AMERIQUEST MORTGAGE CO.,<br>et al.<br><br>and<br><br>DEUTSCHE BANK NATIONAL<br>TRUST COMPANY<br>Corporate Offices<br>10801 East Sixth Street<br>Rancho Cucamonga, CA 91730<br><br>    Defendants. | N.D. Ill. 08 cv 00743<br><br>MDL No. 1715<br><br>CENTRALIZED BEFORE JUDGE<br>MARVIN E. ASPEN<br><br><br><br>AMENDED COMPLAINT<br><br><br>JURY TRIAL DEMAND |

Plaintiffs, by and through the undersigned counsel assert additional claims and the full and correct legal names of the entities that hold ownership interests in Plaintiffs' Loan. Plaintiffs assert their additional claims against Deutsche Bank National Trust Company ("Deutsche") as an assignee of Ameriquest Mortgage Company ("Ameriquest"). Deutsche is named as a party Defendant pursuant to the liability provisions of 15 U.S.C. § 1641(a). The Amended Complaint also identifies all subsidiaries or parent corporations of Ameriquest.

**PARTIES**

1. Deutsche Bank National Trust Company is a foreign corporation registered in New York State and as a foreign corporation in Ohio acting as a holding company for a securitized trust. Deutsche is authorized to do business as a financial institution in the State of Ohio.

**FACTS**

2. Plaintiffs reiterate and incorporate all allegations and statements set forth in the preceding paragraphs and in Plaintiffs' Complaint.

3. Deutsche and any subsequent assignee of the Loan is liable for the actions of Ameriquest as to the stated TILA violations pursuant to 15 U.S.C. § 1641(a).

4. Deutsche is an assignee and owner of Plaintiffs' Loan.

5. Deutsche is a creditor and trustee who acquired Ameriquest and Ameriquest Group loan assets, including the Loan sometime in 2007.

6. Deutsche knew of allegations of predatory lending practices by Ameriquest for numerous loans made by Ameriquest at the time of its acquisition of loan assets from Ameriquest and Ameriquest Group and further knew of numerous lawsuits and claims there under by borrowers against Ameriquest and Ameriquest Group based on claims similar to Plaintiffs set forth in this Complaint.

7. Deutsche is a creditor who regularly extends consumer credit payable by written agreement in more than four installments for which a finance charge is imposed and which agreements and credit are subject to the provisions of TILA.

**FIRST CLAIM – TILA DISCLOSURE VIOLATIONS**

8. Plaintiffs reiterate and incorporate all allegations and statements set forth in the preceding paragraphs and in Plaintiffs' Complaint.

2

9. This claim applies to Deutsche as set forth in the First Claim of Plaintiffs' Complaint ¶ 114-122.

10. Deutsche, as an assignee of the Loan, is responsible and liable for the TILA violations by Ameriquest pursuant to the assignee provisions of 15 U.S.C. § 1641(a).

11. Based on several TILA material non-disclosure or lack of clear disclosure violations by Deutsche and Defendant Ameriquest, Plaintiffs are entitled to damages as set forth in this count for both actual and statutory damages, as well as attorney fees and costs under the provisions of 15 U.S.C. § 1640(a)(1)-(3).

12. The TILA violations regarding rescission are applicable to assignees of the Loan including Deutsche as well as any subsequent assignees of these loans.

WHEREFORE, Plaintiffs pray that the Court enter judgment as follows:

  a. Confirm the rescission of the loan transaction by Plaintiffs, including a declaration that the Ameriquest/Deutsche loan is void;

  b. Order Ameriquest and assignee Deutsche to return any money or property given by anyone, including any and all funds, including settlement charges of $9,413.44 and interest payments paid by the Plaintiffs in connection with the Loan;

  c. Award statutory damages of $2,000 for the TILA violations as to Ameriquest and Deutsche for non or mis-disclosure violations;

  d. Award statutory damages of $2,000 for Deutsche's and Ameriquest's failure to submit a tender offer pursuant to 15 U.S.C. § 1635(c).

  e. Order a forfeiture of return of any loan proceeds by Ameriquest or Deutsche to Plaintiffs;

3

f.  Offset of any damages awarded to Plaintiffs against any amounts determined as owed by Plaintiffs on the Loan pursuant to tender under the TILA rescission pursuant to 15 U.S.C. § 1635(c);

g.  Award of all reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1640(c) and 1691(e); and

h.  Award such other relief at law or equity as this Court may deem just and proper.

Respectfully submitted,

/s/Charles J. Roedersheimer
Charles J. Roedersheimer
Thompson & DeVeny, LPA
1340 Woodman Drive
Dayton, Oh 45432
(937) 252-2030
(937) 252-9425 (FAX)
charles@thompsonanddeveny.com

**JURY DEMAND – Plaintiffs demand that all issues so triable be tried by a jury.**

4